IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ARANSAS TERMINAL COMPANY, LLC | No. 2:23cv00081 |
| VS. | FED. R. CIV. P. 9(h) |
| M/V J.C. DINGWALL, *in rem*, and CUSTOM MARINE, INC., *in personam* | ADMIRALTY CLAIM |

### ARANSAS TERMINAL COMPANY, LLC'S
### MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

Plaintiff, Aransas Terminal Company, LLC ("Aransas") files this Motion for Entry of Final Default Judgment against Defendant, Custom Marine, Inc. ("Custom Marine"). Aransas respectfully states as follows:

### I.  NATURE AND STAGE OF PROCEEDINGS

1.  Aransas and Custom Marine entered into an enforceable oral contract for Aransas to provide berthage and related services to the M/V J.C. DINGWALL, Official No. 915236 (the "Vessel"). Custom Marine is the owner, owner *pro hac vice,* charterer, manager, operator, and/or agent of the Vessel, and ordered these services from Plaintiff. Custom Marine failed to make payments as detailed in Plaintiff's complaint.[1] Since this action was commenced, Custom Marine has continued its failure to make payments, causing additional damages to Plaintiff.

2.  On June 22, 2023, the Clerk of the Court entered default against Custom Marine, Inc.[2] Aransas will be finalizing that default judgment by presenting the Court with evidence on damages and filing this Motion for Entry of Final Default Judgment pursuant to Fed. R. Civ. P.

---

[1] ECF Doc. 1, ¶ 7-17.
[2] ECF Doc. 8.

55(b)(2). Aransas is entitled to final default judgment against Custom Marine pursuant to Fed. R. Civ. P 55(b)(2) because Aransas's claims are for a certain sum as demonstrated herein.

3. Default against Custom Marine has been entered. Aransas now moves for entry of final default judgment against Custom Marine pursuant to Fed. R. Civ. P. 55(b)(2). Default judgment without a hearing is proper in this case because Aransas's damages are for a sum certain and evidence supporting Aransas's damages is filed herewith. Accordingly, as elaborated below, Aransas requests entry of final default judgment against Custom Marine pursuant to Fed. R. Civ. P. 55(b)(2).

## II. STATEMENT OF MATERIAL FACTS

4. Aransas operates a marine terminal within this district and division, which is located adjacent to the Ship Channel near the Port Aransas Ferry landing.[3] Aransas has published a Tariff and Terminal Regulations, which apply to all vessels using the facility in the absence of a written contract providing otherwise.[4]

5. Aransas verbally contracted with Custom Marine, Inc. to provide berthage and related services to the Vessel. Custom Marine is the owner, owner *pro hac vice,* charterer, manager, operator, and/or agent of the Vessel, and ordered these services from Aransas.

6. Pursuant to the Marine Terminal Regulations, invoices are due within 30 days of each invoice, and any invoice not paid within 30 days shall bear interest at an 18% annual rate.[5]

7. Aransas provided the services to the Vessel in accordance with the agreement and sent multiple invoices to Custom Marine, which remain unpaid.

8. Aransas presented invoices to Custom Marine for monthly berthage services

---

[3] Exhibit 1, Declaration of Burt Moorhouse
[4] *Id.* and Exhibit 2, Marine Terminal Regulations
[5] Exhibit 2, Marine Terminal Regulations, Section 6.2

2

payable in advance. Custom Marine agreed to pay the applicable invoice amounts within 30 days unless otherwise agreed, and in fact paid Aransas's invoices until late in 2022.

9. Aransas sent an invoice to Custom Marine, Inc. dated September 1, 2022 for September 2022 berthage in the amount of $4,950.00.

10. Aransas sent an invoice to Custom Marine, Inc. dated October 1, 2022 for October 2022 berthage in the amount of $4,950.00.

11. Aransas sent an invoice to Custom Marine, Inc. dated October 31, 2022 for November 2022 berthage in the amount of $4,950.00.

12. Aransas provided berthage to the Vessel and Custom Marine for December 2022 in the amount of $4,950.00. These services were invoiced on March 1, 2023.

13. Aransas sent an invoice to Custom Marine, Inc. dated January 3, 2023 for January 2023 berthage in the amount of $4,950.00.

14. Aransas sent an invoice to Custom Marine, Inc. dated February 2, 2023 for February 2023 berthage in the amount of $4,950.00.

15. Aransas sent an invoice to Custom Marine, Inc. dated March 3, 2023 for March 2023 berthage in the amount of $4,950.00.

16. Aransas filed this suit on March 27, 2023. As of the date of filing the suit, the outstanding debt totaled $34,650.00.[6]

17. Aransas has continued to provide berthage services for the Vessel and Custom Marine while the suit is pending. Aransas sent an invoice to Custom Marine dated April 1, 2023 for April 2023 berthage in the amount of $4,950.00.

---

[6] ECF Doc. 1-2; 1-3.

18. Aransas sent an invoice to Custom Marine, Inc. dated May 1, 2023 for May 2023 berthage in the amount of $4,950.00.

19. Aransas sent an invoice to Custom Marine, Inc. dated May 31, 2023 for June 2023 berthage in the amount of $4,950.00.

20. Aransas sent an invoice to Custom Marine, Inc. dated July 3, 2023 for July 2023 berthage in the amount of $4,950.00.

21. The total amount of outstanding invoices owed to Aransas Terminal Company, LLC by Custom Marine, Inc. is $54,450.00.[7]

22. All eleven (11) berthage invoices are for the same amount, $4,950.00. Interest at the rate of 18% equals $2.44 per day. Interest totaling $3,403.80 is therefore due on the unpaid invoices, as of July 13, 2023, as follows:

| Invoice Date | Days Past Due |
| --- | --- |
| 9/1/22 | 285 |
| 10/1/22 | 255 |
| 11/1/22 | 224 |
| 12/1/22 | 104 (not invoiced until 3/1/23) |
| 1/3/23 | 161 |
| 2/1/23 | 142 |
| 3/1/23 | 104 |
| 4/1/23 | 73 |
| 5/1/23 | 43 |
| 5/31/23 | 14 |
| 7/3/23 | 0 |

23. Additionally, pursuant to the Marine Terminal Regulations, Aransas Terminal Company is entitled to "reasonable and necessary legal fees and staff time and expenses" related to the cost of collecting late invoices.[8] Aransas Terminal Company requests that the Court grant

---

[7] Exhibit 1, Declaration of Burt Moorhouse
[8] Exhibit 2, Section 6.2

4

attorney fees and other costs pursuant to Fed. R. Civ. P. 54(d)(2)(A). As of July 7, 2023, the attorney fees in this case are $8,938.00 and the costs are $482.00, including the filing fee.[9]

### III. ARGUMENT

24. Upon entry of default by the clerk, the well-pleaded factual allegations of a plaintiff's complaint will be taken as true.[10] In this case, Aransas Complaint against Custom Marine and the present Motion, along with the evidence filed herewith and other pleadings, establish that Aransas has asserted a plausible breach of contract claim against Custom Marine. Therefore, final default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Custom Marine.

25. A default judgment awarding damages may be entered without a hearing where the amount claimed is a liquidated sum certain.[11] Therefore, where the amount of damages and/or costs can be determined with certainty by reference to the pleadings, motions, and supporting documents, a hearing is not required.[12] In determining Aransas's proof of damages, the Court may consider, among other things, the Statement of Material Facts, and corresponding exhibits submitted with this Motion, along with the pleadings on file in this case.

26. As detailed above, Aransas provided goods and services to the Vessel under an agreement with Custom Marine, Inc. Custom Marine failed to pay Aransas pursuant to the agreement. Therefore, Custom Marine is in breach of a maritime contract. The total amount due,

---

[9] Exhibit 3, Declaration of F. William Mahley regarding Attorney Fees and Costs
[10] *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiffs well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").
[11] *UnitedHealthcare Ins. Co. v. Holley*, 724 F. App'x 285, 289 (5th Cir. 2018) (finding no abuse of discretion in trial court not holding evidentiary hearing because "the damages amount was for a sum certain and was supported by a detailed factual affidavit as well as other evidence in the record") (citing Fed. R. Civ. P. 55(b)(1))
[12] *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

after all just and lawful offsets, including interest and considering all payments and credits, is $57,853.80, plus legal fees as set forth in paragraph 23.

## IV.  CONCLUSION AND PRAYER

Based on the foregoing, Aransas Terminal Company, LLC respectfully requests this Court grant its Motion for Entry of Final Default and, pursuant to Fed. R. Civ. P. 55(b)(2), requests entry of final default judgment against Custom Marine, Inc. in the amount of $66,773.80. Aransas Terminal Company, LLC further requests and any additional relief, at law or equity, to which it is justly entitled.

Respectfully submitted,

**CLARK HILL PLC**

/s/ F. William Mahley
F. William Mahley
Federal ID 2863
State Bar No. 12836740
Two Houston Center, Suite 2300
909 Fannin Street
Houston, Texas 77010-1036
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
wmahley@clarkhill.com
*Attorney-in-Charge for Plaintiff,*
*Aransas Terminal Company, LLC*