Case 2:23-cv-00081   Document 14   Filed on 09/14/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARANSAS TERMINAL COMPANY, LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00081 |
| CUSTOM MARINE, INC., *et al.*, | § § § | |
| Defendants. | § § § | |

## ORDER GRANTING DEFAULT JUDGMENT

Before the Court is Plaintiff Aransas Terminal Company, LLC's motion for default judgment against Defendant Custom Marine, Inc. (hereinafter, "Custom Marine"). (D.E. 11). Plaintiff filed two supplements to this motion. *See* (D.E. 12; D.E. 13).[1] Plaintiff also requests attorney fees and court costs. (D.E. 11, p. 4–5). After review of the motion, the evidence, the pleadings on file, and the relevant authorities, the Court concludes that Plaintiff is entitled to default judgment but not attorney fees or court costs. As such, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for default judgment. (D.E. 11; D.E. 12; D.E. 13).

### I. Background

On March 27, 2023, Plaintiff filed its complaint seeking relief against Defendants M/V J.C. Dingwall, its engines, machinery, tackle, appurtenances, apparel, etc., *in rem*, and Custom Marine, Inc., its owner, *in personam* (collectively, "Defendants"). (D.E. 1). Specifically, Plaintiff seeks to recover unpaid debts for berthage and related services in the following amounts:

| Principal: | $64,350.00 (as of 9/5/23) (D.E. 13, p. 1) |
|---|---|

---

[1] While D.E. 13 is captioned in the docket sheet as a motion to supplement, review of the filing itself indicates that it is a supplement to the motion—not a motion seeking leave to supplement. *See* (D.E. 13). The Court will accept D.E. 12 and D.E. 13 as supplements to Plaintiff's motion for default judgment. However, Plaintiff is cautioned to seek leave to file supplements in the future, rather than filing supplements without leave from the Court.

| Interest: | $1,371.28 (as of 9/4/23) (D.E. 13, p. 2) |
| --- | --- |
| Costs (including the filing fee): | $482.00 (as of 7/7/23) (D.E. 11, p. 5) |
| Attorney Fees: | $8,938.00[2] (as of 7/7/23) (D.E. 11, p. 5) |
| **Total:** | **$75,141.28**[3] |

Although properly served, *see* (D.E. 6), Defendants did not answer or otherwise respond to Plaintiff's complaint. On June 9, 2023, Plaintiff requested entry of default against Custom Marine. (D.E. 7). The Clerk of Court entered default on June 22, 2023. (D.E. 8). On July 14, 2023, Plaintiff moved for default judgment against Custom Marine. (D.E. 11). On August 2, 2023, and September 5, 2023, respectively, Plaintiff filed supplements to its motion for default judgment, updating the principal and interest owed. *See* (D.E. 12; D.E. 13).

## II. Discussion

### A. Law

Obtaining a default judgment is a three-step process: (1) default by the defendant; (2) entry of default by the Clerk of Court; and (3) entry of a default judgment. *Paisano Capital SA de CV v. Velazquez*, No. 7:19-cv-078, 2019 WL 6649294, at *4 (S.D. Tex. Dec. 6, 2019) (Alvarez, J.) (citations omitted). As to steps one and two, Federal Rule of Civil Procedure 55 provides in relevant part that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

FED. R. CIV. P. 55(a); *see also Moreno v. Kwarting*, No. 2:20-CV-00146, 2021 WL 6010573, at *12 (S.D. Tex. June 1, 2021) (Hampton, Mag. J.). As to step three, after an entry of default by

---

[2] Plaintiff indicates in the body of the motion for default judgment that attorney fees in this case are $8,938.00. (D.E. 11, p. 5). However, in attorney F. William Mahley's affidavit, he states that attorney fees are $8,438.00. (D.E. 11-3, p. 1).

[3] Plaintiff asks for entry of default judgment in the total amount of $75,001.28. (D.E. 13, p. 2). However, the sum of the values listed above amounts to $75,141.28.

the court clerk, "the Court has the discretion to enter a default judgment against a defendant." *Whirlpool Corp. v. YiHangGou Trading Co.*, No. 2:20-CV-00341, 2021 WL 6066353, at *2 (E.D. Tex. Aug. 12, 2021) (Payne, Mag. J.), *adopted*, No. 2:20-CV-00341, 2021 WL 6063689 (E.D. Tex. Dec. 22, 2021) (Gilstrap, J.) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)); *see also* FED. R. CIV. P. 55(b).[4] However, "default judgments are disfavored." *Lindsey*, 161 F.3d at 893; *see also Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.").

**B. Analysis**

"Determining the propriety of default judgment is itself a three-step process." *Paisano Capital SA de CV*, 2019 WL 6649294, at *4. The Court must determine: (1) whether default judgment is procedurally proper; (2) whether the claims are substantively meritorious, and (3) whether the requested relief is appropriate. *See id.* at 4–5.

*i. Default judgment is procedurally proper.*

First, the Court must consider six factors to determine whether default judgment is procedurally proper: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey*, 161 F.3d at 893; *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *4 (N.D. Tex. Mar. 17, 2016) (Lynn,

---

[4] A plaintiff generally must make a *prima facie* showing of jurisdiction before a court can enter default judgment. *See Whirlpool*, 2021 WL 6066353, at *2 (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001)).

J.) (citing *Lindsey*, 161 F.3d at 893).

After consideration of the six *Lindsey* factors, the Court concludes that default judgment is procedurally proper. In particular, the Court finds that no material facts are at issue; there is no evidence of substantial prejudice; the grounds for default judgment are clearly established; there is no evidence the default was caused by good faith mistake or excusable neglect; and the Court is unlikely to find itself obligated to set aside default. The Court also concludes that it has jurisdiction over this action, (D.E. 1), and that Defendants failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service, (D.E. 6).

### ii. Plaintiff's claims are substantively meritorious.

Second, the Court must determine whether Plaintiff's claims are substantively meritorious. *See Paisano Capital SA de Velazquez*, 2019 WL 6649294, at *5. A default judgment must be "supported by well-pleaded allegations" and must have "a sufficient basis in the pleadings." *Wooten v. McDonald Transit Ass'n, Inc.*, 788 F.3d 400, 496 (5th Cir. 2015) (cleaned up). Here, the complaint plausibly alleges that Plaintiff verbally contracted with Defendant to provide berthage and related services to M/V J.C. Dingwall (hereinafter, the "Vessel"). (D.E. 11, p. 2–3). Plaintiff invoiced Defendant for monthly berthage services and Defendant agreed to pay the invoice amounts within 30 days unless otherwise agreed. *Id.* Defendant paid the applicable invoices until late 2022, when payments ceased. *Id.* at 3. All invoices from September 2022 through September 2023 remain outstanding. *Id.* at 3–4; (D.E. 12, p. 2; D.E. 13; p. 2). Thus, Plaintiff's claims are substantively meritorious.

### iii. Plaintiff's requested relief is appropriate.

Third, the Court must determine whether the requested relief is appropriate. *See Paisano Capital SA de CV*, 2019 WL 6649294, at *5 (citations omitted); *see also* FEDERAL RULE OF CIVIL

PROCEDURE 54(c) (A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Here, Plaintiff seeks damages of $64,350.00 in principal,[5] (D.E. 13, p. 1), $1,371.28 in interest,[6] *id.* at 2, $482.00 in costs, (D.E. 11, p. 5), and $8,938.00 in attorney fees, *id*. After consideration, the Court awards the following damages:[7]

| Principal: | $64,350.00 |
|---|---|
| Interest: | $1,371.28 |
| **Total:** | **$65,721.28** |

### *iv. The Court declines to award costs at this time.*

While Plaintiff is a prevailing party entitled to costs under Federal Rule of Civil Procedure 54(d)(1), Plaintiff has not "fil[ed] a bill of costs within 14 days of the entry of a final judgment." *See* LOCAL RULE 54.2. As such, the Court declines to award costs at this time. Plaintiff may seek costs by submitting a bill of costs within **fourteen (14) days after entry of a final judgment**. *See id.*

### *v. The Court declines to award attorney fees at this time.*

As to Plaintiff's requested $8,938.00 in attorney fees, the Court declines to award such fees at this time. *See* (D.E. 11, p. 5). Plaintiff's published Marine Terminal Regulations (the "Regulations") apply to all vessels using Plaintiff's facility, absent a written contract providing

---

[5] In support of its calculation of damages, Plaintiff attaches the affidavit of Burt Moorehouse, member of Aransas Terminal Company, LLC, who states that Custom Marine stopped paying invoices in late 2022. (D.E. 1, p, 9–10; D.E. 11-1, p. 1). Plaintiff also attaches unpaid invoices for services rendered between September 2022, (D.E. 11-1, p. 3), and September 2023, (D.E. 13-1).

[6] In support of its calculation of interest, Plaintiff attaches the Marine Terminal Regulations, which provide that any invoice not paid within 30 days shall bear interest at an 18% annual rate. (D.E. 11-2, p. 13); *see also* (D.E. 11, p. 2) (explaining that Marine Terminal Regulations apply to all vessels using Plaintiff's facility, absent a written contract providing otherwise); (D.E. 11-1, p. 1) (affidavit of Burt Moorehouse stating that Custom Marine did not have a written agreement with Plaintiff superseding the Regulations).

[7] When, as here, damages are for a sum certain, an evidentiary hearing is not required. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (citing FED. R. CIV. P. 55(b)(2)).

otherwise. (D.E. 11, p. 2); *see also* (D.E. 11-2) (containing the Regulations). Plaintiff verbally contracted with Defendant for services and did not have a superseding written contract; thus, the Regulations apply. (D.E. 11, p. 2); *see also* (D.E. 11-2, p. 4) ("Use by a Vessel of the Terminal . . . constitutes evidence of an agreement on the part of the Vessel to be subject to and bound by all the rules . . . stated herein."). The Regulations provide that Plaintiff "is entitled to 'reasonable and necessary legal fees and staff time and expenses' related to the cost of collecting late invoices." (D.E. 11, p. 4) (quoting D.E. 11-2, p. 13). As such, Plaintiff is entitled to attorney fees.[8] "Courts within the Fifth Circuit look to the lodestar analysis as the appropriate basis for reviewing a fee request in a case involving a maritime contract." *RSDC Holdings, LLC*, 429 F. Supp. 3d at 242) (collecting cases). The lodestar analysis requires a court to "determine the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 424 (5th Cir. 1995) (per curiam)).

Here, Plaintiff fails to provide adequate lodestar evidence. While the affidavit of F. William Mahley establishes an hourly rate and states that legal costs incurred amount to $8,438.00, Plaintiff does not provide any evidence of the number of hours worked on the case. *See* (D.E. 11-3). Thus, the Court cannot determine whether the hours worked were reasonable, as the lodestar analysis requires. As such, **within fourteen (14) days of the date of this order**, Plaintiff may file a proper motion for attorney fees with appropriate lodestar evidence.

### III. Conclusion

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART**

---

[8] While maritime disputes are generally governed by the "American Rule" that each party bears its own attorney fees and costs, a contractual provision that allows for such recovery displaces the general rule. *See RSDC Holdings, LLC v. M.G. Mayer Yacht Servs., Inc.*, 429 F. Supp. 3d 238, 242 (E.D. La. 2019) (Ashe, J.) (citing *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 405 (5th Cir. 2003)). Thus, in this case, the Regulations control. *See id.*

Plaintiff's motion for default judgment. (D.E. 11; D.E. 12; D.E. 13). Plaintiff is entitled to a default judgment, *see* (D.E. 11; D.E. 12; D.E. 13); however, the Court will not grant Plaintiff's request for attorney fees and other court costs, (D.E. 11, p. 4–5). Should Plaintiff wish to file an additional motion seeking attorney fees, it may do so **within fourteen (14) days of this Order**. Should Plaintiff wish to seek additional court costs, it may do so **within fourteen (14) days of an entry of a final judgment in this case**. The Court will issue a final judgment after ruling on Plaintiff's motion for attorney fees, if any, or after the time for Plaintiff to file a motion for attorney fees has passed.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
September 14, 2023