United States District Court
Southern District of Texas
**ENTERED**
March 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ARANSAS TERMINAL COMPANY, LLC, § § § Petitioner, § § VS. § CIVIL ACTION NO. 2:23-CV-00081 § CUSTOM MARINE, INC., *et al.*, § § § Defendants. § | |

# MEMORANDUM AND RECOMMENDATION

Pending are Plaintiff Aransas Terminal Company, Inc.'s Motion and Supplemental Motion for Writ of Execution, requesting this Court order the sale of the M/V J.C. Dingwall. (D.E. 24 and D.E. 27). For the reasons stated below, the undersigned recommends these Motions be **DENIED**. (D.E. 24 and D.E. 27).

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1333 over maritime claims.

## II. BACKGROUND

On March 27, 2023, Plaintiff filed its complaint seeking relief against Defendants M/V J.C. Dingwall, its engines, machinery, tackle, appurtenances, apparel, etc., *in rem*, ("the Vessel") and Custom Marine, Inc. ("Custom Marine"), its owner, *in personam* (collectively, Defendants). Plaintiff alleged it provided berthage and related services to the Vessel and had not been paid. Plaintiff served Custom Marine, who did not answer or

otherwise respond to Plaintiff's complaint. The Vessel was not served or arrested. (D.E. 27). On September 14, 2023, this Court entered an Order Granting Default Judgment against Custom Marine in the amount of $65,721.28, which represented the principal owed plus interest. (D.E. 14). This judgment was later altered on October 31, 2023 to $82,845.48 to include attorney fees, additional prejudgment interest and costs. (D.E. 20 and D.E. 21). The case was then closed. The undersigned notes the Vessel was not dismissed from the case.

Approximately one week later, on November 7, 2023, Plaintiff filed a Motion for Issuance of Warrant of Seizure, seeking to arrest the Vessel. (D.E. 22). The undersigned denied Plaintiff's Motion as Plaintiff did not cite any authority for the Court to seize a vessel in a closed case or provide an explanation as to why a separate action was unnecessary as the case was closed. (D.E. 23). In response, on November 10, 2023, Plaintiff filed a new case seeking relief against both Defendants for additional invoices for October and November 2023, each in the amount of $4,950.00. D.E. 1, Case No. 2:23-cv-291. Plaintiff asserted the current outstanding debt for berthage and related services at that time totaled at least $92,745.48. D.E. 1, Case No. 2:23-cv-291. The Vessel has not been arrested in that case. D.E. 12, Case No. 2:23-cv-291. However, on November 14, 2023, Plaintiff became the custodian of the Vessel, providing regular inspections and a berth at a rate of $175.00 per day. D.E. 11, Case No. 2:23-cv-291. A summons was issued as to Custom Marine on February 2, 2024. (D.E. 18). To date, neither Defendant has been

served. Defendants have made no appearances in either case and the Vessel remains docked at Plaintiff's facility.

## III.   DISCUSSION

On January 23, 2024, in this closed case, Plaintiff filed a Motion for Writ of Execution and the Motion was referred to the undersigned on January 30, 2024. (D.E. 24 and D.E. 25). Plaintiff seeks a writ of execution to permit the public sale of the Vessel to satisfy the final judgment in this case. (D.E. 24). On February 15, 2024, the undersigned held a hearing where Plaintiff's counsel appeared. The undersigned noted he was unable to locate any precedent where a vessel was seized after final judgment was entered and then sold pursuant to a writ of execution while the vessel also was named as a defendant in a new action. Plaintiff's counsel stated that in his forty years of practice, he had never seen a procedurally similar case. (Hearing February 15, 2024 11:43 - 11: 44). Having provided Plaintiff's counsel with the opportunity to supplement his motion with additional briefing as to why this Court should proceed in this unique manner, the undersigned notes Plaintiff's counsel did not provide any direct caselaw in support. (D.E. 27).

Upon review, the undersigned recommends Plaintiff's Motion and Supplemental Motion for Writ of Execution be **DENIED**. (D.E. 24 and D.E. 27). Rather than reopening a closed case where final judgment has been entered, the undersigned recommends Plaintiff proceed with the newly filed case, follow the procedure to properly arrest the Vessel and then move for an interlocutory sale of the Vessel after the seizure. Upon sale of the Vessel, Plaintiff may proceed to final judgment in the new case and then move for disbursement

of the funds to satisfy both final judgments. In short, Plaintiff has provided no reasonable explanation as to why this Court should circumvent the procedural protections of the federal admiralty rules by granting a writ of execution.

    ORDERED on March 12, 2024.

                                              Jason B. Libby
                                      United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).