United States District Court
Southern District of Texas
**ENTERED**
May 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ARANSAS TERMINAL COMPANY, LLC, § § Plaintiff, § § V. § CIVIL ACTION NO. 2:23-CV-00081 § CUSTOM MARINE, INC., *et al.*, § § Defendants. § § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 28). The M&R recommends that the Court:

(1) Deny Plaintiff's motion for writ of execution, (D.E. 24); and

(2) Deny Plaintiff's supplemental motion for writ of execution, (D.E. 27).

(D.E. 28, p. 1). Plaintiff has filed written objections to the M&R. (D.E. 29).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff objects to the M&R's recommendation that Plaintiff's motions for writ of execution be denied because "[t]he pendency of [a] second action should in no way impair or affect [Plaintiff]'s ability to collect on the Final Judgment entered in this case." (D.E. 29, p. 3). This Court disagrees. As the M&R points out, Plaintiff has not cited "any direct caselaw in support" of its motion, or any authority at all suggesting that a vessel may be seized after final judgment is

entered and then "sold pursuant to a writ of execution while the vessel also was named as a defendant in a new action." (D.E. 28, p. 3). Rather, Judge Libby recommended that Plaintiff proceed in the more-recently filed case, No. 2:23-CV-0291, and follow the typical procedure for seizure of a Vessel. *Id.* at 3–4. This Court agrees with Judge Libby's recommendation, and Plaintiff cites no contrary case law in its objections. *See* (D.E. 29). As such, Plaintiff's objections are **OVERRULED.**[1]

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 29), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 28). Accordingly:

(1) Plaintiff's motion for writ of execution, (D.E. 24), is **DENIED**;

(2) Plaintiff's supplemental motion for writ of execution, (D.E. 27), is **DENIED.**

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
May __, 2024

---

[1] The Court is sympathetic to Plaintiff's argument that it may not be able to collect on its judgment in the instant case until the second case is closed and complete; however, the Court finds that proceeding with seizure in the second case is in the interest of judicial economy and will not otherwise prejudice Plaintiff, given disbursement of the funds may satisfy both judgments.